J-S63031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.R.A., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| A.S., | |
| Appellant | No. 590 MDA 2014 |

Appeal from the Order March 4, 2014
in the Court of Common Pleas of Lancaster County
Domestic Relations at No.: 2008-04057

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:          **FILED FEBRUARY 11, 2015**

Appellant, A.S. (Father), appeals from the order, after a hearing, reinstating child support for the parents' daughter, S.S.[1]  Father alleges the trial court erred in accepting an untimely response from Appellee, M.R.A. (Mother) to determine the effective date of the order terminating child support.[2]  We affirm on the basis of the trial court opinion.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although the order appealed from was dated March 3, 2014, it was entered on the docket and filed on March 4, 2014.  We have amended the caption accordingly.

[2] Mother has not filed a brief in this appeal.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

For convenience of reference, we note briefly that Father maintains that Mother filed an untimely notice of appeal from multiple notices of the emancipation of the parties' minor child by the Domestic Relations Office of Lancaster County. After a hearing, the trial court sustained Mother's appeal and vacated the termination of support order on finding that S.S. was still enrolled in high school. Father timely appealed.[3]

Father raises two questions on appeal:

> 1. Did the [trial] court err as a matter of law in determining the effective date of the March 3, 2014 [o]rder when [Mother] filed an untimely response to the emancipation inquiry, which resulted in the issuance of a final order terminating the child support?
>
> 2. Did the [trial] court err as a matter of law in finding [Mother] properly filed an exception to a final order terminating child support?

(Father's Brief, at 4).

After a thorough review of the record, Father's brief, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to the issues Father has raised on appeal. The trial court opinion properly disposes of the questions presented. (***See*** Trial Court Opinion,

---

[3] Father also filed a timely statement of errors pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

dated May 30, 2014, and filed 6/02/14, at 4-8) (finding: (1) trial court properly exercised its discretion in vacating the order terminating support and reinstating the order of child support on proof of enrollment where Mother testified she did not receive the prior inquiries and on receiving the notice of termination she immediately filed a handwritten request to appeal, and the trial court determined Mother to be credible; and (2) trial court properly accepted Mother's *pro se* handwritten request to appeal). Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2015